# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

DANNY BLAKEMAN, ALISON SAPAROFF,
PATRICK PHILLIPS, and ANYA DE LA TORRE

    *Plaintiffs*,

    v.

PIZZA LLC, SKYLER DAVID INSLER,
and SCOTT ROSENTHAL

    *Defendants*.

Civil Action No. 22-cv-3291

**Jury Trial Demanded**

## COMPLAINT

Defendants owned and operated a restaurant and bar in Brooklyn, New York, and conducted a years-long scheme of denying their employees minimum wages and instead only paying employees in customer tips.  Plaintiffs Danny Blakeman, Alison Saparoff, Patrick Phillips, and Anya De La Torre ("Plaintiffs") bring this Complaint against Defendants Pizza LLC, Skyler David Insler, and Scott Rosenthal ("Defendants"), to recover unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and other relief as appropriate under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law § 650 *et seq*.

## PARTIES

1. Defendant Pizza LLC is a New York corporation that operated a bar and restaurant under the trade name "Alphaville" located at 140 Wilson Ave in New York, New York 11237.

2. Defendant Skyler David Insler co-owned and operated Alphaville, and supervised Plaintiffs' work and pay during Plaintiffs' employment at Alphaville and at all times relevant to the claims herein. Defendant Skyler David Insler resides at 186 Saint Nicholas Avenue, Apartment 3 in Brooklyn, New York 11237.

3. Defendant Scott Rosenthal co-owned and operated Alphaville, and supervised Plaintiff's work and pay during Plaintiffs' employment at Alphaville and at all times relevant to the claims herein. Defendant Scott Rosenthal resides at 222 North Bixel Street in Los Angeles, California 90026.

4. Plaintiff Danny Blakeman is a resident of Brooklyn, New York and worked at Alphaville from approximately July 2018 through March 2020 for approximately 20 hours per week.

5. Plaintiff Allison Saparoff is a resident of Astoria, New York and worked at Alphaville from approximately September 2016 to September 2017 for approximately 30 hours per week and from August 2018 to March 2020 for approximately 20 hours per week.

6. Plaintiff Patrick Phillips is a resident of Brooklyn, New York and worked at Alphaville from approximately October 2014 to December 2016 for approximately 36 hours per week and from January 2017 to March 2020 for approximately 25 hours per week.

7. Plaintiff Anya De La Torre is a resident of Brooklyn, New York and worked at Alphaville from approximately December 2018 to February 2020 for approximately 30 hours per week.

## JURISDICTION

8. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiffs' state law claims arise from a common set of operative facts—*i.e.,* their employment by Defendants in Brooklyn, New York—and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

11. Plaintiffs were employees of Defendants at Alphaville for the time periods listed in Paragraphs 4 through 7 above.

12. Defendants willfully paid Plaintiffs for their labor at a rate below the applicable minimum hourly wage, in violation of the FLSA, 29 U.S.C § 206, and the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*.

13. During the duration of Plaintiffs' employment at Alphaville, Plaintiffs did not receive hourly wages.

14. As compensation for their labor, Plaintiffs only received tips from customers, often resulting in earnings of less than minimum wage.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

15. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

16. The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages. . . not less than . . . $7.25 an hour." 29 U.S.C. § 206(a).

17. Plaintiffs were "employees" and Defendants were their "employers" under the FLSA. 29 U.S.C. § 203.

18. Defendants violated the FLSA by knowingly and willfully failing to compensate Plaintiffs at a rate equal to or greater than $7.25 for all hours worked. This was done by failing to pay Plaintiffs the minimum wage and only compensating Plaintiffs in tips.

19. Defendants' violations of the FLSA were repeated, willful, intentional, and in bad faith.

20. Defendants are liable to Plaintiffs under the FLSA § 216(b), for all unpaid wages, interest (both pre- and post-judgment), liquidated damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
## VIOLATION OF NEW YORK LABOR LAW

21. Plaintiffs reallege and incorporate by reference the allegations set forth above.

22. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the New York Labor law. N.Y. Lab. Law § 651.

23. Defendants violated Plaintiffs' rights by failing to provide them written notice of their rate of pay at or before hire, in violation of New York Labor Law. N.Y. Lab. Law § 195.1.

24. Defendants violated Plaintiff's rights by failing to pay Plaintiffs at the applicable minimum hourly wage, in violation of New York Minimum Wage Act. N.Y. Lab. Law § 650 *et seq*. This was done by failing to pay Plaintiffs the minimum wage. Defendants' violations were repeated, willful, intentional, and in bad faith.

25. Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

26. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants all unpaid wages, liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate, pursuant to N.Y. Labor L. § 663(1).

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

a. Declare Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and the New York Labor Law;

b. Award Plaintiffs unpaid wages, the value of wrongly withheld tips, liquidated damages, interest (both pre- and post- judgment), attorneys' fees and costs as a result of Defendants' willful and intentional violations of the FLSA and the New York Labor Law;

c. Enjoin Defendants from continuing to violate the FLSA and the New York Labor Law; and

d. Grant Plaintiffs such further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 3, 2022						Respectfully submitted,

/s/ Matthew K. Handley
Matthew K. Handley
HANDLEY FARAH & ANDERSON PLLC
200 Massachusetts Avenue NW, 7th Floor
Washington, DC 20001
Phone: (202) 559-2411
Email: mhandley@hfajustice.com

George F. Farah
HANDLEY FARAH & ANDERSON PLLC
33 Irving Place
Brooklyn, NY 10003
Phone: (212) 477-8090
Email: gfarah@hfajustice.com

Martha E. Guarnieri, *pro hac vice* forthcoming
HANDLEY FARAH & ANDERSON PLLC
1727 Snyder Avenue
Philadelphia, PA 19145
Phone: (215) 422-3478
Email: mguarnieri@hfajustice.com

Sheila R. Maddali
NATIONAL LEGAL ADVOCACY NETWORK
53 W. Jackson Blvd. Suite #1224
Chicago, IL 60604
Phone: (888) 610-7752
Email: smaddali@n-lan.org

*Counsel for Plaintiffs*